## CATALENT CONFIDENTIALITY AGREEMENT
## (FULL-TIME or PART-TIME EMPLOYEE)

Catalent Pharma Solutions, LLC, its parents, subsidiaries and affiliates (hereinafter referred to as "Employer") and ___BEN WOODARD___ (hereinafter referred to as "Employee") agree, as of ___21 JUL 2023___, 20___:

RECITALS:

A. Employee understands that employment by Employer creates a relationship of confidence and trust between Employee and Employer with respect to any information of a confidential or secret nature that may be learned or developed by Employee during the period of employment by Employer concerning the business of Employer, including without limitation, the businesses' suppliers and customers, which has commercial value in the industry in which Employer competes; and

B. Employee understands that Employer possesses its own confidential information and also regularly receives confidential information from its customers and suppliers and that Employer has obligations to prevent the use and disclosure of such information by Employer and any of its employees; and

C. Employee understands that the industries in which Employer competes function on both a national and an international scale, and that research and development in the industries are such that patents and trademarks, because they require considerable time to obtain, are not always feasible and not always used to protect proprietary information. Hence, the use of secrecy or non-disclosure agreements with employees is a reasonable means to protect Employer's proprietary information.

NOW, THEREFORE, the parties agree as follows:

Confidential Information Defined. As used in this Agreement, the phrase "Confidential Information" refers to all information related to the business of Employer communicated, learned or generated by Employee including, but not limited to, know-how, compilations, illustrations, plans, new product information, test procedures, methods, formulation techniques, processes, formulae, machinery, equipment, arts, business strategies, pricing, billing information, financial information, personnel information, customer contacts, clients, sales lists, employee lists, technology, costs, employee compensation, marketing plans, developmental plans, computer programs, computer systems, inventions, developments, product specifications, customer-communicated information, New Developments (defined below) and all other information or data whether communicated in writing, orally, or through any other means. Confidential Information does not include information which (A) is or becomes generally available to the public or within the industry to which such information relates other than as a result of a breach of this Agreement; provided, however, that the fact that such Confidential Information may be the subject of an unpublished patent application, copyright or other limited disclosure required by a government entity shall not cause it to be within an exception hereunder, (B) is already known by the Employee at the time of disclosure as evidenced by competent written records, (C) becomes available to Employee on a non-confidential basis from a source that is entitled to disclose it on a non-confidential basis, or (D) was or is independently developed by the Employee without reference to the Employer's Confidential Information, as evidenced by the Employee's written records.

1. Non-Disclosure and Non-Use. Employee will not, either during or after employment with Employer, disclose any Confidential Information to any person, firm, corporation, association or other entity for any reason or purpose. Employee will not use any Confidential Information in any manner other than for furthering the business of Employer. Employee will not remove any writings containing Confidential Information from the premises or possession

4. Employment. Employee understands and agrees that this Agreement is not to be construed as a contract for a promise of continued employment. Employee understands and agrees that the provisions of this Agreement are a condition of employment with Employer, and that employment with Employer and the payment of Employee's compensation are induced

**CONFIDENTIALITY AGREEMENT**

of Employer unless Employee has obtained express authorization in writing to do so. Upon termination of employment, Employee will immediately return to Employer all Confidential Information in the possession or control of Employee. Employee will not retain any copies of any such Confidential Information. Employee also has an obligation to notify Employer of a disclosure of Confidential Information or a breach of the terms of this Agreement. Additionally, subsequent to termination of employment, Employee agrees that the prohibitions in the Agreement shall remain in full force and effect.

Notwithstanding the foregoing, pursuant to 18 U.S.C. § 1833(b), the Parties to this Agreement have the right to disclose in confidence trade secrets to Federal, State, and local government officials, or to an attorney, for the sole purpose of reporting or investigating a suspected violation of law. The Parties also have the right to disclose trade secrets in a document filed in a lawsuit or other proceeding, but only if the filing is made under seal and protected from public disclosure. 18 U.S.C. § 1833(b) states: "An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that—(A) is made—(I) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal." Nothing in this Agreement is intended to conflict with 18 U.S.C. § 1833(b) or create liability for disclosures of trade secrets that are expressly allowed by 18 U.S.C. § 1833(b).

2.   New Developments.  Employee agrees that while employed and for six (6) months thereafter, Employee will promptly disclose to Employer any and all improvements, inventions, discoveries, innovations, systems, techniques, ideas, processes, programs, and other items which were made, conceived or discovered by Employee, alone or with others, while employed by Employer or within six (6) months thereafter (referred to as "New Developments"). Employee further agrees that all New Developments shall be and remain the exclusive property of Employer and that Employee will, at Employer's request, and without additional compensation, do all lawful things necessary to insure Employer's ownership of such New Developments, including, without limitation, the assignment and transfer to Employer of all rights, title and interest in and to such New Developments. All work done for Employer by Employee including, but not limited to, work performed during normal business hours and after business hours, whether performed on Employer's premises or elsewhere, shall be a "work for hire". Employee represents and warrants that Employee does not have any rights in or continuing obligation to any third party with respect to the assignment and transfer of any New Developments, except for those inventions of Employee developed prior to the date hereof as set forth on Rider A attached hereto, if applicable.

3.   Breach.  In the event of any action against Employee for breach of this Agreement, Employee understands there may be awarded, in addition to damages caused to Employer, an accounting of profits obtained by means of any Confidential Information disclosed or used by Employee in violation of this Agreement. In the event of breach of this Agreement by Employee, Employee acknowledges that Employer's remedy is inadequate, and that it is entitled to immediate injunctive relief. Employee agrees to reimburse Employer for all of Employer's actual costs, including attorneys' fees, incurred by Employer in enforcing this Agreement.

4.   Employment.  Employee understands and agrees that this Agreement is not to be construed as a contract for a promise of continued employment. Employee understands and agrees that the provisions of this Agreement are a condition of employment with Employer, and that employment with Employer and the payment of Employee's compensation are induced

**CONFIDENTIALITY AGREEMENT**

by and in consideration of Employee's agreement to such provisions and Employee's acknowledgement of the obligations contained herein. In the event of termination of employment, Employee agrees that the prohibitions in this Agreement shall remain in full force and effect.

5.   Entire Agreement. This Agreement is the complete agreement between the parties with respect to the subject matter thereof. All prior negotiations and agreements, oral or written, between any of the parties hereto with respect to the subject matter thereof, other than those set forth on Rider B hereto, if applicable, are superseded by this Agreement, and there are no representations, warranties, covenants, conditions, terms, agreements, promises, understandings, commitments or other arrangements other than those expressly set forth or incorporated herein.

6.   Amendments. No change, modification or termination of any of the terms, provisions, or conditions of this Agreement or any attachment hereto shall be effective unless in writing and signed by the parties hereto, their successors or assigns.

7.   Severability. Any provision of this Agreement which shall be determined to be invalid or otherwise unenforceable shall not affect the remaining portion of this Agreement or the remaining portion of the paragraph which is determined to be partially unenforceable. Any invalid or unenforceable provision shall be interpreted in a manner consistent with the intent of the parties as evidenced herein. In the event that the invalidated provision is of such nature that it cannot be so interpreted, the provision shall be deemed deleted from this Agreement as though it had never been included. In either case, the remaining provisions of this Agreement shall remain in effect.

8.   Successors. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by the heirs, personal representatives, successors and assigns of the parties hereto.

9.   Governing Law. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey, without giving effect to conflict of law rules.

IN WITNESS WHEREOF, the parties have duly executed and delivered this Agreement on the day and year first above written.

Employee: _____

Printed Name: BEN WOODARD

Date: 21 JUL 2023

**CATALENT PHARMA SOLUTIONS, LLC**

By: _Erica Roque_

Printed Name: Erica Roque

Title: Sr. HR Coordinator

Date: 7/21/2023

CONFIDENTIALITY AGREEMENT

### RIDER A

Schedule of Employee Inventions

### RIDER B

Schedule of Agreements Not Superseded

INITIALS
Employer: CR
Employee: BW